UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA, et al, ex rel.
DANIEL COYNE, M.D.,

        Plaintiff,

    v.

AMGEN, INC.,

        Defendant.

----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM &
ORDER**
12–cv–3881 (JMA) (AYS)

**FILED
CLERK**

03/21/2017

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**APPEARANCES:**

    Tor A. Hoerman
    Kenneth J. Brennan (pro hac vice)
    TorHoerman Law LLC
    234 S. Wabash, 7th Floor
    Chicago, IL 60604

    Lori Siler Restaino
    John M. Restaino
    The Restaino Law Firm
    283 Columbine St., Ste. 169
    Denver, CO 80220
        *Attorneys for Plaintiff*

    Eric Corngold
    Friedman Kaplan Seiler & Adelman LLP
    7 Times Square
    New York, NY 10036

    David S. Rosenbloom (pro hac vice)
    McDermott Will & Emery LLP
    227 West Monroe Street
    Chicago, IL 60606
        *Attorneys for Defendant*

1

**AZRACK, United States District Judge:**

Before the Court are objections to Magistrate Judge Anne. Y. Shields' Report and Recommendation dated January 17, 2017 (the "R&R") by plaintiff Daniel Coyne, M.D. Judge Shields recommends that the Court grant defendant Amgen's motion to dismiss plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having conducted a full review of the record and the applicable law, the Court adopts Judge Shields' recommendation and finds that the information forming the basis for plaintiffs' claims had been publicly disclosed and, further, that plaintiff did not fall into the "original source" exception under the False Claims Act ("FCA"). Accordingly, the Court grants defendant's motion to dismiss.

Judge Shields' has also recommended that, pursuant to 31 U.S.C. § 3730(b)(1), the United States be granted two weeks in which to advise the Court of its position concerning the final disposition of this case. The Court adopts Judge Shields' recommendation. The United States is directed to file a letter advising the Court of its position by no later than April 4, 2017. The Clerk of Court shall not enter a final judgement until such time.

## I. BACKGROUND

The Court assumes familiarity with the facts, which are referenced only as necessary to explain the Court's decision.

## II. STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

### III. DISCUSSION

As an initial matter, Judge Shields found that there was "no doubt" that the documents forming the basis of plaintiff's qui tam complaint had been publicly disclosed and so was subject to the "public disclosure" bar under the FCA. (R&R at 25.) Therefore, the primary issue before Judge Shields was whether plaintiff was the "original source" of that information. (Id. at 17, 19–23.) If plaintiff qualifies as the original source of the information, his claim is exempt from the "public disclosure" bar and may proceed.

Judge Shields recognized that there are two articulations of the "original source" exception that are possibly applicable to plaintiff's claims: one contained in the 1986 version of the FCA and one contained in the 2010 version. (Id. at 19.) Rather than determining which version should apply, Judge Shields found that the plaintiff did not qualify as the "original source" under either version and, therefore, plaintiff's claims were barred and should be dismissed. Judge Shields thus did not reach the question of the retroactivity of the 2010 version. (Id. at 17–18.)

Because she found that the "public disclosure" bar warranted dismissal of plaintiff's claims, Judge Shields declined to evaluate plaintiff's claim based on a "concealment" theory. In particular, Judge Shields noted that plaintiff's claims were barred because "the information forming the basis of any claim of 'concealment' was disclosed to the government by the manufacturer." (Id. at 25.)

Plaintiff has objected to the R&R, arguing that Judge Shields erred in finding:

1. That the 2010 version of the "original source" exception would only apply if it were retroactive;
2. That plaintiff did not qualify as the "original source" under the 2010 version of that exception;

3. That plaintiff did not qualify as the "original source" under the 1986 version of that exception; and
4. That "no false claim can exists where the information forming the basis of a claim of 'concealment' was disclosed to the government by the manufacturer."

(See Pl's Obj. at 1–2.)

The Court has conducted de novo review of the portions of the R&R to which the plaintiff has objected. The Court has reviewed portions of the R&R to which plaintiff has not objected for clear error. As described below, the Court agrees with Judge Shields' well-reasoned opinion and adopts the R&R in full.

A. **The Original Source Exception**

Plaintiff's first three objections concern Judge Shields' findings with respect to the "original source" exception. Plaintiff has not objected to Judge Shields' finding that the information underlying his complaint had been publicly disclosed and, after a review for clear error, the Court agrees with that finding for the reasons laid out by Judge Shields. (See R&R at 18–19.)

As Judge Shields rightly noted, in order "to survive the public disclosure bar, [plaintiff] must plausibly allege that he is an original source of voluntarily disclosed information that constitutes direct and independent knowledge of the information on which the allegations are based (under the 1986 statute) or knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions (under the 2010 statute)." (R&R at 19–20 (internal citations and quotations omitted).)

After analyzing the applicable law, Judge Shields found that plaintiff's "suspicions and a scientific disagreement as to the proper interpretation of publicly disclosed data . . . cannot, as a matter of law, have materially added to the government's knowledge." (R&R at 21.) For that

4

reason, Judge Shields found that, "whether the 1986 or 2010 FCA is applied, [plaintiff] cannot claim original source status so as to allow his claims to survive the public disclosure bar." (R&R at 23.) After a de novo review, the Court agrees with Judge Shields' well-reasoned decision and finds that plaintiff does not qualify for the "original source" exception under either the 1986 or the 2010 version of the FCA.

Based on that finding, the Court also agrees that it is unnecessary to determine which version of the "original source" exception applies. (R&R at 17–18.) Thus, the Court rejects plaintiff's characterization of the R&R as finding that the 2010 version of the "original source" exception "applies only if that amendment is retroactive." (Pl's Obj. at 1.) Judge Shields declined to make any finding concerning the applicability or retroactivity of the 2010 version of the FCA, basing her decision on a finding that plaintiff was not the "original source" regardless of which version applied.

In summary, after de novo review, the Court agrees with Judge Shields' recommendation concerning the applicability of the "original source" exception and adopts that recommendation in full.

### B. Plaintiff's "Concealment" Claim

Plaintiff has also objected to the R&R insofar as it found that "no false claim can exist where the information forming the basis of a claim of 'concealment' was disclosed to the government by the manufacturer." (Pl's Obj. at 2.)

After de novo review, the Court agrees with Judge Shields' finding that no false claim can exist where, as here, "the information forming the basis of any claim of 'concealment' was disclosed to the government by the manufacturer and, indeed, is sufficient to apply the public disclosure bar." (R&R at 25.) That is because such a claim falls squarely within the "public

disclosure" bar.

To the extent that plaintiff's objection is an attempt to renew his argument concerning the scope and applicability of Polansky v. Pfizer, 914 F. Supp. 2d 259 (E.D.N.Y. 2012), the Court notes that Judge Shields found it "unnecessary to reach a broad conclusion" concerning that issue. (R&R at 25.) The Court agrees with Judge Shields and adopts her recommendation that plaintiff's claims be dismissed without reaching a conclusion on the scope of Polansky.

### IV. CONCLUSION

Having conducted a review of the full record and the applicable law, the Court adopts Judge Shields' Report and Recommendation in full for the reasons stated above. Accordingly, the Court grants the defendant's motion to dismiss.

By no later than April 4, 2017, the United States is directed to file via ECF its position concerning the final disposition of this case. As such, the Clerk of Court is directed not to close the case at this time.

**SO ORDERED.**

Dated: March 21, 2017
Central Islip, New York

                                              /s/    JMA
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE